## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRACY RHINE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 10-cv-549-DRH** |
| ) | |
| **MEARL JUSTUS, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

### <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

Petitioner Tracy Rhine, an inmate from FCI-Greenville temporarily transferred to St. Clair County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Rhine is not entitled to relief, and the petition must be dismissed.

As stated above, Rhine brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379

(7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Rhine presents several challenges to his incarceration in St. Clair County Jail: cleanliness, insufficient supply of toilet paper, access to the law library, and inadequacy of the law library. In addition, Rhine challenges the fact of his transfer to the jail on investigatory status; he asserts that he did not received any formal disciplinary charges, nor has he been allowed to confront his accusers on the facts giving rise to his transfer. Such claims do not request a "quantum change in the level of custody" and thus cannot be addressed in habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Rhine would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Rhine pursuing his claims in a properly filed civil rights action. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   October 20, 2010.**

David R. Herndon
2010.10.20 12:01:57
-05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**